# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PETER J. BELLON,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, *et al.*,<br><br>    Defendants. | Case No. 2:11-CV-02066-KJD-GWF<br><br>**ORDER** |

Presently before the Court is Plaintiff's Motion to Amend (#23). Defendants Bank of America Corporation, Bank of America, N.A., and ReconTrust Company, N.A. ("Defendants") filed a response in opposition (#28). Also before the Court is Plaintiff's Motion to Remand (#12). Defendants filed a response in opposition (#20) to which Plaintiff replied (#25).

Under Federal Rule of Civil Procedure Rule 15(a), a party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Although Rule 15(a) is very liberal, courts may deny a proposed amendment which would be "(1) prejudices the opposing party; (2) is sought in

bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp. V. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006)(quoting Fed. R. Civ. P. 15(a)).

Here, Defendants assert that the amended complaint would be futile. The Court disagrees. In consideration of Defendants' motion to dismiss and Plaintiff's motion to remand, it is clear that Plaintiff adequately alleges state law claims. Defendants assert that Plaintiff raises federal questions by his reference to the federal Home Affordable Alternatives Program ("HAFA"). However, the mere reference to a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists. See Easton v. Crossland Mortg. Corp., 114 F.3d 979, 982 (9th Cir. 1997)(citing Rains v. Criterion Sys., Inc., 80 F.3d 339, 344 (9th Cir. 1986)). Thus, Plaintiff's reference to Defendants' representations regarding HAFA, for which there is no private right of action, do not create federal questions requiring jurisdiction in this Court. To the extent they do, the Court dismisses the claims because Plaintiff agrees there is no private right of action under HAFA. See also Hernandez v. HomEq Servicing, 2010 WL 5059673, *2 (E.D. Cal. December 6, 2010); Marks v. Bank of America, N.A., 2010 WL 2572988, *3-5 (D. Ariz. June 22, 2010); Inman v. Suntrust Mortg., Inc., 2010 WL 3516309, *2 (E.D. Cal. Sept. 3, 2010).

Thus, the Court grants Plaintiff's motion to amend. Additionally, the Court grants Plaintiff's motion to remand in accordance with 28 U.S.C. § 1447(c), because the original complaint and the amended complaint fail to raise a serious question of federal law. See also 28 U.S.C. § 1367(c).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Amend (#23) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff's Motion to Remand (#12) is **GRANTED**.

DATED this 26TH day of April 2012.

_____
Kent J. Dawson
United States District Judge